HARDIMAN, Circuit Judge, dissenting.
Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a writ of habeas corpus to a state prisoner unless the state court’s adjudication of his claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(Z )-(2). Because James Lambert cannot surmount AEDPA’s formidable bar to habeas relief, I respectfully dissent.
I
At the core of this case is the Pennsylvania Supreme Court’s ruling that the reference to Lawrence Woodlock in the police activity sheet was ambiguous such that it would be speculative to connect him to the Prince’s Lounge robbery.[1] See Wetzel v. Lambert, — U.S. -, 132 S.Ct. 1195, 1198-99, 182 L.Ed.2d 35 (2012) (Lambert VII); Commonwealth v. Lambert, 584 Pa. 461, 884 A.2d 848, 855-56 (2005) (.Lambert III). The majority holds that the state court ruling was both an unreasonable determination of the facts and an unreasonable application of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Although I agree with my col *88 leagues that the best reading of the activity sheet is that it is not ambiguous or speculative, I cannot say that the state court’s ruling was unreasonable under the highly deferential AEDPA standard.
II
Pursuant to AEDPA, before a federal court may grant habeas relief under the unreasonableness grounds of 28 U.S.C. § 2254(d)(Z )-(2), “a state prisoner must show that the state court’s ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington v. Richter, -U.S.-, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). “If this standard is difficult to meet, that is because it was meant to be.... Section 2254(d) reflects the view that habeas corpus is a ‘guard against extreme malfunctions in the state criminal justice systems,’ not a substitute for ordinary error correction through appeal.” Id. at 786 (quoting Jackson v. Virginia, 443 U.S. 307, 322 n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment)). “The reasons for this approach are familiar. ‘Federal habeas review of state convictions frustrates both the States’ sovereign power to punish offenders and their good-faith attempts to honor constitutional rights.’ ” Id. at 787 (quoting Calderon v. Thompson, 523 U.S. 538, 555-56, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)). Accordingly, § 2254(d) “preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court’s decision conflicts with [the Supreme] Court’s precedents. It goes no farther.” Id. at 786.
Our analysis under AEDPA follows a prescribed path. See Eley v. Erickson, 712 F.3d 837, 846-47 (3d Cir.2013). First we “must determine what arguments or theories supported or ... could have supported[ ] the state court’s decision.” Harrington, 131 S.Ct. at 786. Then we “must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court.” Id. Only if the petitioner demonstrates that the state court decision was error “beyond any possibility for fairminded disagreement” may we grant habeas relief. Id. at 787.
Ill
As the Supreme Court observed in its opinion remanding this ease, there are several reasons why the Pennsylvania Supreme Court’s decision “may well be reasonable”:
(1) [T]he activity sheet did not explicitly link Woodlock to the Prince’s Lounge robbery, (2) Jackson had committed a dozen other such robberies, (3) Jackson was being held on several charges when the activity sheet was prepared, (4) Woodlock’s name appeared nowhere else in the Prince’s Lounge files, and (5) the two witnesses from the Prince’s Lounge robbery who were shown Woodlock’s photo did not identify him as involved in that crime.
Lambert VII, 132 S.Ct. at 1199. Unsurprisingly, the Commonwealth relies on these reasons in its briefing on remand.
Lambert cites various reasons why the Pennsylvania Supreme Court’s interpretation of the activity sheet was unreasonable, focusing on the numerous identifying factors on the activity sheet that tie the document to the Prince’s Lounge robbery. He notes that the activity sheet is marked with the police case numbers for the Prince’s Lounge robbery and that it bears the names of the murder victims, the witnesses to the murder, and the law enforce *89 ment officers involved in the investigation. Moreover, there is no evidence that Wood-lock was ever investigated for another robbery or that his photo was shown to a witness to any other robbery. The majority adopts Lambert’s interpretation of the activity sheet, citing these same factors.
If we exercised de novo review of the state court decision, it would seem that the best reading of the activity sheet is that it relates to the Prince’s Lounge robbery. But under AEDPA’s highly deferential standard of review, “even a strong case for relief does not mean the state court’s contrary conclusion was unreasonable.” Harrington, 131 S.Ct. at 786 (citation omitted). Instead, the state court’s decision “must be objectively unreasonable,” Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (internal quotation marks and citation omitted), such that “there is no possibility fairminded jurists could disagree that the state court’s decision conflicts with [the Supreme] Court’s precedents,” Harrington, 131 S.Ct. at 786.
Here, the reasons cited by the Supreme Court and repeated by the Commonwealth on remand lead me to conclude that Lambert cannot satisfy the AEDPA standard. They provide enough support for the proposition that the reference to Woodlock is ambiguous and the connection between the activity sheet and the Prince’s Lounge robbery is speculative. Though this may not be the most natural reading of the document, fairminded jurists could disagree. A determination of ambiguity is necessarily a general inquiry, and factors exist on both sides of the question presented in this appeal. Where these circumstances exist, so long as there is the possibility of fair-minded disagreement over the state court interpretation, federal habeas relief is precluded by AEDPA. Cf. Yarborough v. Alvarado, 541 U.S. 652, 664-65, 124 S.Ct. 2140, 158 L.Edüd 938 (2004) (factors pointing in opposite directions regarding whether the petitioner was in custody for Miranda purposes precluded habeas relief so long as the state court decision was “within the matrix” of the custody test).
The majority fails to grapple with the question of whether fairminded jurists could disagree over whether the notations in the activity sheet were ambiguous and the sheet’s connection to the robbery was speculative, in contravention of the process the Supreme Court has prescribed. See Harrington, 131 S.Ct. at 786. Although the majority asserts that the “only plausible” interpretation of the activity sheet is that it unambiguously relates to the Prince’s Lounge Robbery, see Maj. Typescript at 13, in fact the Supreme Court offered five possible grounds for a finding of ambiguity, rendering the state court’s opposite interpretation a reasonable one:
(1) [T]he activity sheet did not explicitly link Woodlock to the Prince’s Lounge robbery, (2) Jackson had committed a dozen other such robberies, (3) Jackson was being held on several charges when the activity sheet was prepared, (4) Woodlock’s name appeared nowhere else in the Prince’s Lounge files, and (5) the two witnesses from the Prince’s Lounge robbery who were shown Woodlock’s photo did not identify him as involved in that crime.
Lambert VII, 132 S.Ct. at 1199.
Given the reasonableness of the state court ruling that the activity sheet was ambiguous and its connection to the Prince’s Lounge robbery was speculative, I must also dissent from the majority’s additional holding that the state court’s application of Brady was unreasonable. The Pennsylvania Supreme Court found that the activity sheet did not satisfy Brady’s materiality prong because there was no reasonable probability that the result of the proceedings would have been different *90 had it been disclosed. Lambert III, 884 A.2d at 855-56. This conclusion is not unreasonable under AEDPA. The ambiguity of the activity sheet combined with the multiple interpretations to which it is susceptible, as noted by the state court, prevents us from saying that the state court’s is objectively unreasonable such that “there is no possibility that fairminded jurists could disagree.” Harrington, 131 S.Ct. at 786.
The majority reaches the opposite conclusion based on its antecedent holding that the activity sheet is unambiguous. As I have explained, however, AEDPA does not allow us to come to that conclusion given the deference due to the state court. Arguments that the state court unreasonably applied Brady are vitiated by the Supreme Court’s opinion, which adverted to a completely separate basis for the state court’s decision: the document’s ambiguity and its speculative relationship to the Prince’s Lounge robbery. See Lambert VII, 132 S.Ct. at 1198 & n. *. It is that separate basis that we must find objectively unreasonable under AEDPA before we may grant habeas relief. See id. at 1198 (“If the conclusion in the state courts about the content of the document was reasonable — not necessarily correct, but reasonable — whatever those courts had to say about cumulative impeachment evidence would be beside the point.”).
The Supreme Court has been clear that AEDPA “ ‘imposes a highly deferential standard for evaluating state-court rulings’ and ‘demands that state-court decisions be given the benefit of the doubt.’ ” Felkner v. Jackson, — U.S. -, 131 S.Ct. 1305, 1307, 179 L.Ed.2d 374 (2011) (quoting Renico, 130 S.Ct. at 1862). The Court has repeatedly reminded the lower federal courts that AEDPA precludes relief unless the state court’s ruling was error “beyond any possibility for fairminded disagreement.”[2] Harrington, 131 S.Ct. at 787 (emphasis added). Under the appropriate standard of review, I would hold that the state court’s rulings both with respect to the ambiguity of the activity sheet and the application of Brady wei"e reasonable. Accordingly, I respectfully dissent.

. Although our prior opinion recognized only one ground of decision in the Pennsylvania Supreme Court, namely, that the police activity sheet was merely cumulative impeachment evidence and therefore not material under Brady, see Lambert v. Beard, 633 F.3d 126, 132 (3d Cir.2011) (Lambert VI), we are bound by the United States Supreme Court’s interpretation of the Pennsylvania Supreme Court’s decision, which recognized this alternative ruling.

. The Supreme Court has frequently reversed or vacated lower court decisions for failing to apply the correct standard. See Garrus v. Sec’y of Pa. Dep't of Corrs., 694 F.3d 394, 412-14 & nn. 1-3 (3d Cir.2012) (Hardiman, J., dissenting) (collecting cases).